McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-174-MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| IVAN CORVERA-BENITEZ, | DATE: February 11, 2021 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendant. | |

This case was set for a status conference on February 11, 2021, following substitution of defense counsel. By this stipulation, the parties request that the Court continue the status conference to April 15, 2021, and to exclude time under Local Code T4 as well under the Court's General Orders, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive opennendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

1   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

2   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

3   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

4   or in writing").

5        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

6   and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

7   continuances are excludable only if "the judge granted such continuance on the basis of his findings that

8   the ends of justice served by taking such action outweigh the best interest of the public and the

9   defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

10  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

11  ends of justice served by the granting of such continuance outweigh the best interests of the public and

12  the defendant in a speedy trial."  *Id.*

13       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

14  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

15  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

16  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

17  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

18  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

19  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

20  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

21  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

22       In light of the societal context created by the foregoing, this Court should consider the following

23  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

24  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

25  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

26  pretrial continuance must be "specifically limited in time").

27

28       [1] The parties note that General Order 612 acknowledges that a district judge may make
    "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
    Cal. March 18, 2020).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1.      By this stipulation, the defendant now moves to continue the status conference to April 15, 2021 , and to exclude time between February 11, 2021, and April 15, 2021, under Local Code T4, in addition to the exclusion of time appropriate in light of public health concerns cited by General Orders 611, 612, and 617.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has produced discovery in this matter including investigative reports, photographs, and laboratory reports.  The government has also produced to the defense audio and video recordings.

b)      Counsel for the defendant has recently substituted into this case and will need time to review the discovery and get up to speed.  Defense counsel will also need time to review the current charges, to investigate and conduct research related to the current charges, and to discuss potential resolutions with her client, to prepare pretrial motions, and to otherwise prepare for trial.

c)      Counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period between February 11, 2021, and April 15, 2021, inclusive, is deemed excludable pursuant to the Court's General Orders, and pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance

granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 8, 2021                          McGREGOR W. SCOTT
                                                  United States Attorney

                                                  /s/ JAMES R. CONOLLY
                                                  JAMES R. CONOLLY
                                                  Assistant United States Attorney


Dated:  February 8, 2021                          /s/ DINA SANTOS
                                                  DINA SANTOS
                                                  Counsel for Defendant
                                                  IVAN CORVERA-BENITEZ


**ORDER**

IT IS SO ORDERED.

Dated:  February 11, 2021

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE